CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED
MAR 21 2011
JULIA C. DUDLEY, CLERK
BY: DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | |
|---|---|
| JANICE CLAUDEN, Mother for A.E.S., | CASE NO. 4:10CV00034 |
| Plaintiff, | |
| v. | REPORT AND RECOMMENDATION |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | By: B. Waugh Crigler<br>U. S. Magistrate Judge |

Janice Clauden ("Clauden") filed the instant action on August 3, 2010, as plaintiff on behalf of her son Anthony Eugene Sydnor ("Sydnor"). According to the record, Sydnor was an adult over the age of 18 years at all times relevant to these proceedings. The initial pleadings were signed by Clauden not by Sydnor, and on February 3, 2011 and February 9, 2011 Clauden filed letter briefs which the undersigned construed to be a motion for summary judgment and brief in support thereof. The Commissioner filed his motion for summary judgment on March 16, 2011, in which he asserts that Clauden lacked standing to file the instant action on behalf of her adult son.

The federal courts have jurisdiction only over cases or controversies. U.S. Const. art. III, § 2, cl. 1. Thus, in order to invoke the jurisdiction of a federal court, a plaintiff must establish that he/she has standing, that is, has suffered the injury or threatened injury sought to be redressed by the action. *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 180-181 (2000). A *pro* se, non-attorney parent of an adult child does not have standing to file and litigate an action on behalf of the child against the Commissioner of Social Security for the denial of the adult child's claim for Social Security disability benefits. The court is without subject matter jurisdiction which necessitates the dismissal of this action.

For these reasons, it hereby is

RECOMMENDED

that an Order enter treating the Commissioner's motion for summary judgment as a motion to dismiss for want of subject matter jurisdiction, GRANTING the motion, and DISMISSING this action from the docket of the court.

The Clerk is directed to immediately transmit the record in this case to the presiding District Judge. Both sides are reminded that pursuant to Rule 72(b) they are entitled to note objections, if any they may have, to this Report and Recommendation within fourteen (14) days hereof. Any adjudication of fact or conclusion of law rendered herein by the undersigned not specifically objected to within the period prescribed by law may become conclusive upon the parties. Failure to file specific objections pursuant to 28 U.S.C. § 636(b)(l)(C) as to factual recitations or findings as well as to the conclusions reached by the undersigned may be construed by any reviewing court as a waiver of such objection.

The Clerk is directed to transmit a certified copy of this Report and Recommendation to all counsel of record and mail a copy to the plaintiff.

ENTERED: _____
U. S. Magistrate Judge

3-21-11
Date