IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | | |
|---|---|---|
| JANICE CLAUDEN, | ) | Case No. 4:10CV00034 |
| Mother for A. E. S. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| COMMISSIONER OF | ) | |
| SOCIAL SECURITY, | ) | By: Jackson L. Kiser |
| | ) | Senior United States District Judge |
| Defendant. | ) | |

Before me are Plaintiff's and Defendant's cross Motions for Summary Judgment and briefs in support (ECF Nos. 14, 15, 20, 21) as well as the Magistrate Judge's Report and Recommendation ("R&R"). Magistrate Judge Crigler advised that I dismiss this case for want of subject matter jurisdiction. R&R 2. Plaintiff timely objected (ECF No. 23) to the R&R; Defendant then responded (ECF No. 24) to Plaintiff's objection. This matter is now ripe for review. For the reasons stated herein, I hereby construe Defendant's Motion for Summary Judgment as a Motion to Dismiss, **GRANT** Defendant's Motion to Dismiss and direct the clerk to **DISMISS** this action from the docket of the court.

I. Facts and Procedural History

Janice Clauden ("Clauden") initiated this suit on August 3, 2010, acting as a pro se plaintiff proceeding in forma pauperis on behalf of her adult son, Anthony Eugene Sydnor ("Sydnor"). Clauden signed the pleadings; Sydnor did not. Clauden is not an attorney. Sydnor is and has been an adult over the age of 18 years at all times relevant to these proceedings. R&R 1. The Social Security Administration denied Sydnor's September 26, 2006 application for supplemental security income ("SSI") under the Social Security Act initially and on review, as did the Administrative Law Judge and Appeals Counsel. R.57.

On March 16, 2011 the Commissioner filed his Motion for Summary Judgment (ECF No. 20) and brief in support (ECF No. 21), arguing that Clauden lacks standing to maintain this action on behalf of her

adult son. Def.'s Mot. Sum. J. 3–4. On March 21, 2011 Magistrate Judge B. Waugh Crigler issued his Report and Recommendation ("R&R") in which he likewise recommended that the case be dismissed for want of subject matter jurisdiction because Clauden lacks standing. R&R 2. Clauden timely objected and submitted a hand-written statement to the Court that contains what she alleges to be the signature of her adult son consenting to her representation of him in this matter. Pl.'s Obj. R&R 3.

II. Analysis

Clauden's appeal from the Social Security Administration is pursuant to 42 U.S.C. § 405(g). That statute reads

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

42 U.S.C. § 405(g). The language of the statute indicates that the individual pursuing the appeal be the individual who was party to the administrative hearing.

It is hornbook law that, "in order to invoke the jurisdiction of a federal court, a plaintiff must establish that he/she has standing, that is, has suffered the injury or threatened injury sought to be redressed by the action." R&R 1 (citing *Friends of the Earch, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 180–81 (2000)). The Fourth Circuit, in *Myers v. Loudoun County Public Schools*, 418 F.3d 395 (4th Cir. 2005), "join[ed] the vast majority of our sister circuits in holding that non-attorney parents generally may not litigate the claims of their minor children in federal court." *Myers*, 418 F.3d at 401 (citing *Shepherd v. Wellman*, 313 F.3d 963, 970 (6th Cir. 2002); *Navin v. Park Ridge Sch. Dist.*, 270 F.3d 1147, 1149 (7th Cir. 2001); *Devine v. Indian River Cnty. Sch. Bd.*, 121 F.3d 576, 581 (11th Cir. 1997); *Johns v. Cnty of San Diego*, 114 F.3d 874, 877 (9th Cir. 1997); *Osei-Afriyie v. Med. Coll.*, 937 F.2d 876, 882–83 (3d Cir. 1991); *Cheung v. Youth Orchestra Found. of Buffalo, Inc.*, 906 F.2d 59, 61 (2d Cir. 1990); *Meeker v. Kercher*, 782 F.2d 153, 154 (10th Cir. 1986)).

Based on the language of 42 U.S.C. § 405(g), the general requirements of standing and the Fourth Circuit's decision in *Myers*, Defendant urges and Magistrate Judge Crigler recommends that I dismiss this case because Clauden cannot maintain the current action on Sydnor's behalf. Def.'s Mot. Sum. J. 3–4; R&R 1–2. I agree. The Fourth Circuit has not recognized any rule of standing that would allow the non-attorney parent of an adult child handle that child's appeal from the Social Security Administration's unfavorable decision. While some circuits have allowed non-attorney parents to handle such an appeal on behalf of their *minor* children,[1] those decisions are non-binding and factually distinct from the case at bar. Clauden's submission of her son's signed consent to her representation is, therefore, inconsequential.

### III.  Conclusion

For the foregoing reasons, I hereby construe Defendant's Motion for Summary Judgment as a Motion to Dismiss, **GRANT** Defendant's Motion to Dismiss and direct the clerk to **DISMISS** this case from the docket of the court.

The Clerk is directed to send a copy of this Memorandum Opinion and accompanying Order to counsel, Plaintiff and Magistrate Judge Crigler.

Entered this 24th day of May, 2011.

s/Jackson L. Kiser
Senior United States District Judge

---

[1] *See Machadio v. Apfel*, 276 F.3d 103, 107 (2d Cir. 2002) (allowing the non-attorney parent of a minor child to handle the child's appeal for SSI benefits where the parent is competent and has an interest in the outcome); *Harris v. Apfel*, 209 F.3d 413 (5th Cir. 2000) (same).